UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ANTOINE ABOU ROUPHAEL**,

    Plaintiff,

v.                                                      Case No. 8:24-cv-01556-WFJ-SPF

**KAREN KHAMISI** and
**ANDRAWOS KHAMISI**,

    Defendants.
_____/

<b><u>ORDER</u></b>

Before the Court are Defendants Karen Khamisi and Andrawos Khamisi's[1] (jointly, "Defendants") Second Motion to Dismiss Plaintiff's Complaint. Dkt. 44. Plaintiff Antoine Abou Rouphael ("Plaintiff") has responded in opposition. Dkt. 45. At the request of the Court, Dkt. 50, the parties also submitted supplemental briefing on whether the Court has personal jurisdiction over Defendant Andrawos Khamisi. Dkts. 51, 52. After careful consideration, the Court denies in part and grants in part Defendants' motion to dismiss.

---

[1] The Court notes there is a possible typo in Mr. Khamisi's first name. The case caption on the docket uses the name "Andrawos," Defendants' motion to dismiss spells the name as "Andravos," Dkt. 44 at 1, and the Form I-864 spelled his name as "Andraos." Dkt. 1-2. The Court will use the case caption version, "Andrawos Khamisi," in this Order.

## BACKGROUND

This case revolves around Plaintiff Antoine Rouphael and Defendant Karen Khamisi's ongoing divorce.[2] On August 30, 2015, Plaintiff and Defendant Karen Khamisi were married in Lebanon. Dkt. 1 ¶ 16. On January 11, 2021, Karen Khamisi signed a Section 213A Affidavit of Support (i.e., a "Form I-864") sponsoring Plaintiff for permanent resident status pursuant to the Immigration and Nationality Act, 8 U.S.C. §§ 1182(a), 1183a. *Id.* ¶ 17; *see* Dkt. 1-1 (showing Defendant Karen Khamisi's undisputed Form I-864 affidavit of support). Defendant Andrawos Khamisi, the father of Defendant Karen Khamisi, signed "Form I-864A," which is a "Contract Between Sponsor and Household Member." Dkt. 1-2.

In the Form I-864 affidavit, Defendant Karen Khamisi "agreed to provide whatever support necessary to maintain Plaintiff at an income of not less than 125% of the Federal Poverty Line during the entire period during which the Affidavit is enforceable." Dkt. 1 ¶ 19; *see* Dkt. 1-1 at 6 ("Provide the intending immigrant any support necessary to maintain him or her at an income that is at least 125 percent of the Federal Poverty Guidelines for his or her household size[.]"). Plaintiff claims he is not earning 125% above the Federal Poverty Line and that "Defendants are earning

---

[2] There is an ongoing divorce proceeding that is still pending—*Khamisi v. Rouphael*, Case No: 23-DR-006340—in Florida's Thirteenth Judicial Circuit Court. Dkt. 44 at 2; Dkt. 1 ¶ 24.

in excess of 125% above the Federal Poverty Line and/or have the means by which to fulfill their [support] obligations." Dkt. 1 ¶¶ 25–26.[3]

On or about April 14, 2023, Plaintiff and Defendant Karen Khamisi were separated in Tampa, Florida. *Id.* ¶ 23. On April 16, 2023, Plaintiff filed a support action in the Middle District of Florida—8:23-cv-00822-WFJ-TGW (the "Prior Case")—seeking to enforce the support obligation outlined in the Form I-864. *Id.* ¶ 30; Dkt. 44 at 1. In the Prior Case, the parties reached a settlement agreement, and as a result, the undersigned dismissed the case on November 20, 2023. Dkt. 1 ¶ 30; *see also Rouphael v. Khamisi*, 8:23-cv-00822-WFJ-TGW, Dkt. 41 (M.D. Fla. Nov. 20, 2023) (issuing a "60-DAY ORDER dismissing [the] case"). In accordance with this Court's order, the dismissal of the Prior Case became final and "with prejudice" on January 20, 2024. *See Rouphael v. Khamisi*, 8:23-cv-00822-WFJ-TGW, Dkt. 41 (M.D. Fla. Nov. 20, 2023).

On June 28, 2024, Plaintiff again sued Defendants, now alleging two breach-of-contract claims as a third-party beneficiary. *See* Dkt. 1. Specifically, Plaintiff asserts "the support obligation in Form I-864 is a continuing obligation which Defendants have breached after November 20, 2023. As such, this action seeks

---

[3] The Form I-864 also explicitly makes clear that "Divorce **does not** terminate your obligations under Form I-864." Dkt. 1-1 at 7. The sponsor's Form I-864 support obligations are only terminated if person receiving support: (1) becomes a US citizen; (2) is working, or receiving credit for, 40 quarters of coverage under the Social Security Act; (3) "[n]o longer has lawful permanent resident status and has departed the United States;" (4) "[i]s subject to removal, but applies for and obtains, in removal proceedings, a new grant of adjustment of status, based on a new affidavit of support, if one is required;" or (5) dies. *Id.*

3

damages from November 21, 2023[,] into the future." *Id.* ¶ 31. On April 11, 2025, Defendants filed the instant Second Motion to Dismiss, seeking dismissal on the grounds of *res judicata* and lack of personal jurisdiction. Dkt. 44.[4]

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a short and plain statement of the claim showing that the plaintiff is entitled to relief to give the defendant fair notice of the claims and grounds. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified). However, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (citation omitted). Furthermore, in considering a Rule 12(b)(6) motion to dismiss, the court must construe the facts in the light most favorable to the Plaintiff. *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015).

---

[4] The Court previously denied Defendants' first motion to dismiss, instructing Defendants that "[t]he Motion may be reasserted within 14 days with these items covered in more depth: The personal jurisdiction issue of Khamisi must be 'fleshed out' with more detail and affidavit(s). Movant should provide the Court [with] greater detail of how the present case relates to an apparent domestic relations matter pending in the Thirteenth Judicial Circuit." Dkt. 39.

## DISCUSSION

Based on a careful review of the pleadings, the Court denies Defendants' motion as to the doctrine of *res judicata*, but grants Defendants' motion to dismiss Defendant Andrawos Khamisi from the suit for lack of personal jurisdiction.

### I.     Res Judicata

Defendants argue that the doctrine of *res judicata* bars Plaintiff from bringing the instant suit because the instant action supposedly "involves the same parties and the same causes of action as in the Prior Case[,] which has been dismissed with prejudice. . . . [and a] dismissal with prejudice has the effect of a final adjudication on the merits favorable to defendant and bars future suits brought by plaintiff upon the same cause of action." Dkt. 44 at 2. Defendants further contend that "[t]he Complaint in the instant action is identical to that in the Prior Case, except that Plaintiff alleges in paragraph 31 that 'the support obligation in Form I-864 is a continuing obligation which Defendants have breached after November 20, 2023[,]' [but] [t]his allegation does not change the fact that the primary right and duty in the instant case is the same as in the Prior Case." *Id.* at 3.

Plaintiff responds that in the Prior Case, "Plaintiff sued for damages from the inception of the I-864 Affidavit and the Court dismiss[ed] that action on November 20, 2023, therefore foreclosing the litigation of damages from inception of the I-864 Affidavit until the time of the dismissal." Dkt. 45 at 7. However, in the Complaint

for the instant case, Plaintiff alleges a breach of the support obligations in Form I-864 *after* November 20, 2023. *Id.* Thus, Plaintiff contends the current action is not barred under the doctrine of *res judicata* because it is a new cause of action from the Prior Case. *Id.* The Court agrees.

In the American system of jurisprudence, "the usual rule is that merits of a legal claim once decided in a court of competent jurisdiction are not subject to redetermination in another forum." *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 485 (1982). Under the doctrine of *res judicata*—also known as "claim preclusion"— a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). "[C]laim preclusion operates to prevent parties from contesting matters that they have had a full and fair opportunity to litigate between themselves. . . ." *Shurick v. Boeing Co.*, 623 F.3d 1114, 1117 (11th Cir. 2010) (citation modified). "The party invoking *res judicata* must establish the following four elements: '(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action.'" *Solis v. Glob.*

*Acceptance Credit Co., L.P.*, 601 F. App'x 767, 770 (11th Cir. 2015) (quoting *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 892 (11th Cir. 2013)).[5]

Here, Plaintiff does not dispute that a court of competent jurisdiction rendered the prior decision, that both cases involved the same parties, and that the Prior Case had a final judgment on the merits. *See* Dkt. 45 at 7. Instead, the only element in contention is whether the cases involve the same causes of action. *Id.*

On this element, the Court finds that the instant counts for breach of contract of the I-864 support obligations *after* November 20, 2023, are not barred under *res judicata*. Other district courts in the Eleventh Circuit have already found that "a lawsuit for a breach of contract [for a I-864 support obligations] that occurred in the past is not the same thing as—and will not bar—a lawsuit for a breach of contract that occurred after the initial lawsuit was commenced, because the plaintiff could not have sued for a breach that had not yet occurred." *Greiner v. De Capri*, 403 F. Supp. 3d 1207, 1224–25, 1226 (N.D. Fla. 2019) ("[T]he Florida court adjudicated [the plaintiff's] entitlement to support under the USCIS Form I-864 up to and including the date [the plaintiff] asserted his claim for relief in the Florida court: March 7, 2017. Stated another way, [the defendant] could not have breached any

---

[5] While *res judicata* is generally an affirmative defense, district courts can still dismiss a "complaint on the basis of *res judicata* at the motion-to-dismiss stage." *Solis v. Glob. Acceptance Credit Co., L.P.*, 601 F. App'x 767, 771 (11th Cir. 2015). Indeed, "[a]lthough *res judicata* is not a defense under Rule 12(b), and generally should be raised as an affirmative defense under Rule 8(c), Fed.R.Civ.P., it may be raised in a Rule 12(b)(6) motion where the existence of the defense can be determined from the face of the complaint." *Id.* (citing *Concordia v. Bendekovic*, 693 F.2d 1073, 1075 (11th Cir. 1982)).

7

federal duty to support [the plaintiff] for a temporal interval that had not yet occurred. . . . But because [the plaintiff's] federal action also seeks recovery for a breach of a duty that allegedly existed after March 7, 2017, *res judicata* is not a bar to this action."); *see also Iannuzzelli v. Lovett*, No. 08-23473-CIV, 2009 WL 10667091, at *7 (S.D. Fla. May 7, 2009) (denying the defendant's *res judicata* argument in a I-864 breach of contract suit based on "the express limitations of the state court judgment to damages accruing only through the date of final judgment, whereas the pending complaint is seeking damages that may have arisen after the date of that judgment.").

This conclusion is not new, as the Supreme Court previously remarked that "[c]laim preclusion generally does not bar claims that are predicated on events that postdate the filing of the initial complaint." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 414 (2020) (citation modified). Indeed, "[e]vents that occur after the plaintiff files suit often give rise to new material operative facts that in themselves, or taken in conjunction with the antecedent facts, create a new claim to relief." *Id.* (citation modified).

In this case, Plaintiff's Complaint explicitly states that "the support obligation in Form I-864 is a continuing obligation which Defendants have breached *after* November 20, 2023. As such, this action seeks damages from November 21, 2023[,] into the future." Dkt. 1 ¶ 31 (emphasis added). On the other hand, in the Prior Case,

8

when Plaintiff filed his Complaint on April 16, 2023, he could only seek damages for any alleged breach of the I-864 contract at the time he filed his claim. That is, Plaintiff could not seek future support insofar as it would have been impossible for the Court to determine in November 2023, for example, whether Plaintiff would qualify for support in 2024. Thus, pursuant to the notice of settlement in the Prior Case, this Court adjudicated Plaintiff's entitlement to support under the Form I-864 up to and including the date judgment was entered: November 20, 2023. *See Rouphael v. Khamisi*, 8:23-cv-00822-WFJ-TGW, Dkt. 41 (M.D. Fla. Nov. 20, 2023). In other words, Defendants could not have breached any federal duty to support Plaintiff for a temporal interval that had not yet occurred. Therefore, the Court finds that *res judicata* does not apply because the Complaint does not involve the same cause of action as the Prior Case.

Defendants, however, contend that the instant Case has the "same nucleus of operative fact" as the Prior Case since the present allegations involve the same primary right and duty as the prior action. Dkt. 44 at 3. "If a case arises out of the same nucleus of operative facts, or is based upon the same factual predicate, as a former action, . . . the two cases are really the same 'claim' or 'cause of action' for purposes of *res judicata*." *Griswold v. Cnty. of Hillsborough*, 598 F.3d 1289, 1293 (11th Cir. 2010) (citation modified). "To determine whether the two cases arose from the same 'nucleus of operative facts,' [a court] ask[s] whether the underlying core

9

of facts is the same in both cases, such that the present claim could have been effectively litigated with the prior one." *Solis*, 601 F. App'x at 771 (quoting *Kaiser Aerospace & Elec. Corp. v. Teledyne Indus., Inc. (In re Piper Aircraft Corp.)*, 244 F.3d 1289, 1301 (11th Cir. 2001)). "If the claim in the new suit was or could have been raised in the prior action, *res judicata* applies." *Id.*

Here, this matter and the bounds of *res judicata* may be impacted by factual developments in the case. Thus, the issue may present itself on the merits later in the case if asserted as an affirmative defense.

## II. Personal Jurisdiction Over Andrawos Khamisi

Next, Defendants argue that the Court lacks personal jurisdiction over Defendant Andrawos Khamisi. Dkt. 44 at 3. To support this argument, Defendants claim that "Defendant Andrawos Khamisi is a resident of Collegeville, Pennsylvania[,]" that "Defendant Mr. Khamisi does not have any contacts with the State of Florida[,]" and that "due to Mr. Khamisi's age and poor medical conditions, it is extremely burdensome for him to litigate this matter in the State of Florida." *Id.* at 3–4. Plaintiff responds by noting that in the Form I-864 for Karen Khamisi, there is a forum selection clause where the sponsor agrees "to submit to the personal jurisdiction of *any Federal* or state court *that has subject matter jurisdiction* of a lawsuit against me to enforce my obligations under this Form I-864[.]" Dkt. 45 at 9–10 (quoting Dkt. 1-1 at 7). Defendant Andrawos Khamisi, however, does not have

10

the same "forum selection" clause in his Form I-864A, which is a "Contract Between Sponsor [i.e., Defendant Karen Khamisi] and Household Member [i.e., Defendant Andrawos Khamisi]." Dkt. 1-2 at 1.

Federal Rule of Civil Procedure 12(b)(2) governs motions to dismiss for lack of personal jurisdiction. The Court must undertake a two-step inquiry in determining whether it can exercise personal jurisdiction over a nonresident defendant. *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990). First, the Court must determine whether the forum state's long-arm statute provides a sufficient basis for personal jurisdiction. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996). Second, if the Court finds that personal jurisdiction exists under Florida's long-arm statute, the Court must then "determine whether sufficient minimum contacts exist between the defendants and the forum state so as to satisfy traditional notions of fair play and substantial justice under the Due Process Clause of the Fourteenth Amendment." *Id.* (citation modified); *see also Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004).

When a defendant files a Rule 12(b)(2) motion to dismiss challenging personal jurisdiction, "the district court must hear and decide the issue 'before trial unless the court orders a deferral until trial.'" *AcryliCon USA, LLC v. Silikal GmbH*, 985 F. 3d 1350, 1364 (11th Cir. 2021) (quoting Fed. R. Civ. P. 12(i)). When the court declines to hold an evidentiary hearing, "it reviews the motion to dismiss under

11

a prima facie standard" and decides the motion based solely on the complaint and affidavits. *Id.* The plaintiff bears the initial burden of alleging sufficient facts in the complaint to make out a prima facie case of jurisdiction. *Id.* "A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict." *Meier ex rel. Meier v. Sun Int'l. Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002) (quoting *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)). "Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." *Id.*

### a. Florida's Long-Arm Statute

First, the Court focuses on the allegations in the Complaint to determine if Plaintiff has sufficiently alleged a prima facie case for specific jurisdiction under Florida's long-arm statute, arising from Defendant Andrawos Khamisi's alleged breach of contract.[6] "[S]pecific personal jurisdiction authorizes jurisdiction over causes of action arising from or related to the defendant's actions within Florida and concerns a nonresident defendant's contacts with Florida only as those contacts related to the plaintiff's cause of action." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1352 (11th Cir. 2013).

---

[6] Plaintiff does not argue that the Court may exercise general jurisdiction over Defendant Andrawos Khamisi, and there are no allegations in the Complaint that would support such an exercise.

"Florida's long-arm statute is to be strictly construed," *Sculptchair*, 94 F.3d at 627, and because state law governs the long-arm statute, a federal court is required to follow how the Florida Supreme Court construes the statute. *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1265 (11th Cir. 1998); *see also Louis Vuitton Malletier*, 736 F.3d at 1352 ("We are also bound to adhere to the interpretations of Florida's long-arm statute offered by Florida's District Courts of Appeal absent some indication that the Florida Supreme Court would hold otherwise."). The long-arm statute, section 48.193, states in relevant part that:

> A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
> …
> 7. Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.

Fla. Stat. § 48.193(1)(a)(7). This statute "is based upon the premise that refusal to make contractually required payments in Florida causes foreseeable injury in Florida." *Vacation Ventures, Inc. v. Holiday Promotions, Inc.*, 687 So. 2d 286, 289 (Fla. 5th DCA 1997).

Here, accepting the factual allegations in the Complaint as true, Plaintiff has sufficiently alleged specific jurisdiction over Andrawos Khamisi under Florida's long-arm statute. Specifically, the factual allegations and the undisputed Form I-864

affidavits make it clear that there is a contract under which Defendants Karen Khamisi and Andrawos Khamisi must provide financial support to Plaintiff Rouphael. *See* Dkt. 1 ¶¶ 6–15, 18; Dkt. 1-1 at 4; Dkt. 1-2 at 3. Defendant Andrawos Khamisi also acknowledged that his support payments would need to be made and sent to Florida once Defendants Karen Khamisi and Plaintiff Rouphael relocated to Florida. *See* Dkt. 52-1 ¶ 3. As such, "[f]ailure to pay on a contract requiring payment in Florida has been found sufficient to satisfy Florida's long-arm statute conferring jurisdiction over breach of contract actions." *Cornerstone Inv. Funding, LLC v. Painted Post Group, Inc.*, 188 So. 3d 904, 905 (Fla. 4th DCA 2016) (citing *Smith Architectural Grp., Inc. v. Dehaan,* 867 So.2d 434, 436 (Fla. 4th DCA 2004)).

  b. Due Process

Plaintiff must also satisfy the second prong of the analysis—whether the reach comports with due process. *See Sculptchair*, 94 F.3d at 627. First, the Court must determine whether Defendant Andrawos Khamisi has sufficient "minimum contacts" with Florida. *Id.* Second, the Court must determine whether the exercise of jurisdiction over Defendant Andrawos Khamisi would offend "traditional notions of fair play and substantial justice." *Id.* at 630–31 (citation omitted).

To establish minimum contacts, three criteria must be met:

> First, the contacts must be related to the plaintiff's cause of action or have given rise to it. Second, the contacts must involve some purposeful availment of the privilege of conducting activities within the forum, thereby invoking the benefits and protections of its laws. Finally, the

14

>   defendant's contacts within the forum state must be such that she should reasonably anticipate being haled into court there.

*Id.* at 631 (citing *Francosteel Corp. v. M/V Charm*, 19 F.3d 624, 627 (11th Cir. 1994)). Florida courts have also noted that "[t]he mere fact . . . that [a defendant] allegedly breached a contract by failing to make payments on the contract in Florida would not constitute sufficient minimum contacts with this state to satisfy due process." *Cornerstone Inv. Funding, LLC v. Painted Post Grp., Inc.*, 188 So. 3d 904, 906 (Fla. 4th DCA 2016).

Here, the Court finds Plaintiff has not made a prima facie showing that Defendant Andrawos Khamisi has sufficient "minimum contacts" with the state of Florida. While it is undisputed that Defendant Andrawos Khamisi's alleged failure to make support obligation payments is intimately connected to Plaintiff's causes of action for breach of contract, the second and third minimum contact criteria are missing from this case. Plaintiff has neither alleged nor presented evidence that Defendant Andrawos Khamisi purposefully availed himself of the privilege of conducting business in Florida. Indeed, Defendant Andrawos Khamisi's supplemental affidavit makes it clear that he still lives in Collegeville, Pennsylvania (as he has for the last 32 years); has only traveled to Florida twice to see his grandkids; and has never "lived, worked, owned any property, or conducted any business in the State of Florida." Dkt. 52-1 ¶ 4. Plaintiff has not presented any

contrary affidavits or evidence to rebut these sworn statements from Defendant Andrawos Khamisi.

As for the third criterion, beyond signing the Form I-864A, Defendant Andrawos Khamisi's conduct (or lack thereof) in Florida is not the type that would lead a person to reasonably expect the possibility of litigation in a Florida court. While the Form I-864A warned Defendant Andrawos Khamisi that he could be "jointly and severally liable for payment of any and all obligations owed by the sponsor [i.e., Defendant Karen Khamisi]," Dkt. 1-2 at 4, nothing about Defendant Andrawos Khamisi's conduct indicates he would reasonably anticipate being hauled into a Florida court. Indeed, it was Plaintiff Rouphael and Defendant Karen Khamisi's decision later to move from Pennsylvania to Florida with their children. Dkt. 52-1 ¶ 4. As such, the *only* contact Defendant Andrawos Khamisi had with the forum state is his continuing obligation to make payment once Plaintiff Rouphael relocated to Florida, but merely "breach[ing] a contract by failing to make payments on the contract in Florida would not constitute sufficient minimum contacts with this state to satisfy due process." *Cornerstone Inv. Funding*, 188 So. 3d at 906; *see also deMco Techs., Inc. v. C.S. Engineered Castings, Inc.*, 769 So. 2d 1128, 1130–31 (Fla. 3d DCA 2000) ("Florida courts have repeatedly found the nonpayment of a debt, whether pursuant to the terms of a promissory note or for the purchase of goods, *without more,* to be insufficient to sustain personal jurisdiction over a

16

nonresident defendant. . . . This same principle has also been applied to the failure of a guarantor to honor another's payment obligation in Florida."); *ripKurrent LLC v. Richard Ballard IRA LLC*, 530 F. Supp. 3d 1281, 1293 (S.D. Fla. 2021) ("[M]erely contracting with a Florida resident and failing to pay money in the forum . . . would be insufficient to confer personal jurisdiction.").

Moreover, there are no allegations or evidence that Defendant Andrawos Khamisi initiated the contractual relationship with Plaintiff, and the Form I-864A does not contain a forum-selection clause. *See Diamond Crystal Brands, Inc. v. Food Movers Intern., Inc.*, 593 F.3d 1249, 1268 (11th Cir. 2010) (stating that whether the defendant initiated the contractual relationship is one of the "plus" factors considered to determine if there are minimum contacts); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 482 (1985) (indicating that a choice-of-law provision, although not dispositive, is relevant to the personal jurisdiction due process analysis). Nor does Defendant Andrawos Khamisi's two visits to Florida to see his grandchildren, Dkt. 52-1 ¶ 4, an activity that is unrelated to the contractual support obligations owed to Plaintiff, constitute the type of conduct that "will enhance a potential defendant's affiliation with a State and reinforce the reasonable foreseeability of suit there." *Burger King*, 471 U.S. at 476 ("[T]erritorial presence frequently will enhance a potential defendant's affiliation with a State and reinforce the reasonable foreseeability of suit there.").

Because neither the Complaint nor any affidavits show that Defendant Andrawos Khamisi has sufficient minimum contacts with Florida beyond the alleged breach of support obligations, Plaintiff has failed to make a prima facie showing that the Court has personal jurisdiction over Defendant Andrawos Khamisi. Therefore, the Court finds it does not have personal jurisdiction over Defendant Andrawos Khamisi. *See Cornerstone Inv. Funding*, 188 So. 3d at 906 ("As neither [the plaintiff's] amended complaint nor . . . hearing testimony showed that any related substantial act beyond repayment of the promissory note was required to be and/or actually was performed in Florida, [the defendant] does not have sufficient minimum contacts with this state to support the assertion of personal jurisdiction over it.").[7]

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. Defendants' Second Motion to Dismiss Plaintiff's Complaint, Dkt. 44, is **DENIED in part and GRANTED in part**:

---

[7] While not argued by Defendants, the Court does find that it has subject matter jurisdiction in this action. "A Form I-864 affidavit is a legally enforceable contract between the sponsor and the United States for the benefit of the sponsored immigrant, and the sponsored immigrant may bring a lawsuit to enforce the affidavit." *Gonzalez-Plata v. Love-Geiger*, No. 8:09-CV-1956-T-27EAJ, 2010 WL 11629104, at *1 (M.D. Fla. June 14, 2010). In the Form I-864 affidavit of support, "the sponsor submits to the personal jurisdiction of any federal or state court in which a civil lawsuit to enforce the affidavit has been brought." *Id.* (citing 8 U.S.C. § 1183a(a)(1)(C)). "An action to enforce an affidavit of support executed under [Section 1183a(a)] may be brought against the sponsor in any appropriate court-- (1) by a sponsored alien, with respect to financial support[.]" 8 U.S.C. § 1183a(e)(1). "A district court has subject matter jurisdiction of a suit to enforce a Form I-864 affidavit pursuant to 8 U.S.C.A. § 1183a(e)." *Gonzalez-Plata*, 2010 WL 11629104, at *1 (citing 28 U.S.C. § 1331); *see also Cheshire v. Cheshire*, No. 3:05CV00453TJCMCR, 2006 WL 1208010, at *3 (M.D. Fla. May 4, 2006).

    a. The Court **DENIES** Defendants' motion to dismiss as to Defendant Karen Khamisi.

    b. The Court **GRANTS** Defendants' motion to dismiss as to Defendant Andrawos Khamisi and **DISMISSES** Defendant Andrawos Khamisi from this suit for lack of personal jurisdiction.

2. Defendant Karen Khamisi must file a responsive pleading **within Fourteen (14) days** of the entry of this Order.

**DONE AND ORDERED** in Tampa, Florida, on October 29, 2025.

                              */s/ William F. Jung*
                              **WILLIAM F. JUNG**
                              **UNITED STATES DISTRICT JUDGE**